# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ROWANA RIGGS )
 )
     Plaintiff, )
 )
v. ) Case No. 09-1105-EFM-DWB
 )
CITY OF WICHITA, KANSAS, )
NORMAN WILLIAMS and, )
CHRISTIAN CORY, )
 )
     Defendants. )
                 )

## MEMORANDUM AND ORDER

Before the Court is Defendant Christian Cory's Motion for Leave to File Answer Out of Time. (Doc. 11.) Plaintiff appears in this case *pro se*, and did not file any response or objection to Defendant's motion within the fourteen (14) day time required by D. Kan. Rule 6.1(d)(1) (rev. 12/1/2009). As such, the Court could grant the motion as uncontested pursuant to D. Kan. Rule 7.4. However, because Plaintiff did subsequently file a Motion for Default Judgment as to Defendant Christian Cory (Doc. 15), the Court will address the merits of Defendant Cory's motion.

## FACTS

Defendant Cory was personally served with summons by a process server on October 13, 2009. (Doc. 9.) As such, his answer would be due within 20 days of service pursuant to Fed. R. Civ. P. 12(a)(1)(A). That date was November 2, 2009. Defendant's motion recites that Cory provided his supervisor, Captain Allred, with the original summons after being served and also notified his Lieutenant, Troy Livingston, about the fact that he had been served. (Doc. 11, at ¶ 2.) Defendant Cory believed that summons had been forwarded to the City of Wichita Law Department for handling and legal representation. (Id., at ¶ 3.) Captain Allred believed that he had forwarded the summons to the City's legal department, but he had inadvertently retained the summons. (Id.)

On January 11, 2009,[1] Defendant Cory contacted the City's Law Department to check on the status of the case. (Id., at ¶ 4.) An affidavit (attached to the motion) verifies that the City of Wichita Law Department had not received a copy of the summons, thus no answer was filed on Defendant Cory's behalf. (Id. at ¶ 5.)

## DISCUSSION

The Federal Rules of Civil Procedure set out the requirement for granting an

---

[1] This is obviously a typographical error and should be January 11, 2010.

extension of time for a party to act when the request for an extension is made <u>after</u> the deadline set for the action. *See* Fed. R. Civ. P. 6(b)(1)(B) (where a party "failed to act because of excusable neglect.") Likewise, District Court of Kansas Local Rule 6.1 also covers motions for extensions of time. The rule "provides that an extension of time <u>will not be granted</u> unless the motion is made before the expiration of the specified time, <u>except upon a showing of excusable neglect</u>." ***Howard v. TMW Enterprises, Inc***., 32 F.Supp.2d 1244, 1254 (D.Kan. 1998) (emphasis added). Therefore, in determining whether a party should be allowed leave to file an answer out of time, the Court must determine whether the moving party failed to act in a timely manner due to "excusable neglect."

The U.S. Supreme Court addressed the issue of excusable neglect in the decision of ***Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership***, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). The ***Pioneer*** Court noted that the common meaning of "neglect" is "'to give little attention or respect' to a matter, or . . . 'to leave undone or unattended to *esp[ecially] through carelessness.*'" *Id*. at 388, 113 S.Ct. at 1494-95 (emphasis in ***Pioneer***) (quoting Webster's Ninth New Collegiate Dictionary 791 (1983)); *see also* ***City of Chanute, Kansas v. Williams Natural Gas Co***., 31 F.3d 1041, 1046 (10th Cir. 1994) (quoting ***Pioneer***). Excusable neglect is a somewhat elastic concept and is not limited

3

strictly to omissions caused by circumstances beyond the control of the movant. *Pioneer Inv. Servs. Co.*, 507 U.S. at 391-392 (1993). The determination of whether excusable neglect has been established is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission including (1) the danger of prejudice, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reasons for the delay which includes whether it was within the reasonable control of the party seeking to show excusable neglect, and (4) whether that party acted in good faith. *Id.* at 395. *See also* **City of Chanute**, 31 F.3d at 1046 (noting that fault in the delay remains a very important factor, but courts must look to the entire circumstances of the case); **Burton v. R.J. Reynolds Tobacco Co**., 203 F.R.D. 624, 628–29 (D.Kan. 2001). (analyzing excusable neglect under Fed. R. Civ. P. 6).

After review of the above factors, the Court concludes that Defendant Cory should be allowed to file his Answer out of time.[2] There is no legal prejudice to Plaintiff; the delay (slightly more than two months) was not extensive and does not significantly delay the processing of this case; the cause of the delay (failure to

---

[2] The Court notes that Defendant Cory proceeded to file his Answer on January 15, 2010 (Doc. 12) even though the Court had not yet granted his motion for extension. The better procedure would have been to attach a copy of the proposed Answer to the motion for leave to file out of time, and then the Answer would only be filed if the Court ultimately granted the motion. However, since the Answer has already been filed, the Court sees no reason to require Defendant to re-file his Answer.

4

forward the summons to the City Law Department) does not appear to be the fault of the Defendant, but rather was under the control of his supervisors; and there is no evidence that Defendant acted other than in good faith.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Leave to File Answer Out of Time (Doc. 11) is **GRANTED**. Since the Answer has already been filed (Doc. 12), no further action is required of Defendant.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 16th day of February, 2010.

                                          s/ DONALD W. BOSTWICK
                                          DONALD W. BOSTWICK
                                          United States Magistrate Judge