IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROWANA RIGGS )
 )
 Plaintiff, )
 )
v. ) Case No. 09-1105-EFM-DWB
 )
CITY OF WICHITA, KANSAS, )
NORMAN WILLIAMS and, )
CHRISTIAN CORY, )
 )
 Defendants. )
 )

# MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Appoint Counsel. (Doc. 14.) Defendant has filed a response opposing Plaintiff's motion. (Doc. 16.) Having reviewed the submissions of the parties, the Court is prepared to rule on Plaintiff's motion.

## BACKGROUND

When this case was filed, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis*. (Doc. 2, sealed.) The Court entered an Order on June 8, 2009, taking the motion under advisement because her financial affidavit was found to be insufficient. (Doc. 3.) Plaintiff was given time to submit supplemental financial

information to support her motion for IFP status, but instead she paid the filing fee on June 22, 2009. Accordingly, on June 22, 2009, the Court found Plaintiff's motion for IFP status to be moot. (Doc. 4.) However, for some unknown reason, Plaintiff proceeded to also file another financial affidavit with the court on June 26, 2009. (Doc. 5, sealed.)

In the present motion for appointment of counsel, Plaintiff states that "I understand that I am required to establish that I am financially unable to retain my own counsel. I have already completed and filed an Affidavit of Financial Status which was entered into the Court Record on 06/26/2009." (Doc. 14, at 2.) For purposes of this motion, the Court will, therefore, consider the financial affidavit Plaintiff previously filed. (Doc. 5, sealed.)

## DISCUSSION

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. ***McCarthy v. Weinberg***, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); ***Castner v. Colorado Springs Cablevision***, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing

factors applicable to applications under Title VII). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner,* 979 F.2d at 1421.

**A.     Plaintiff's Ability to Afford Counsel**.

For purposes of this motion, the Court will consider the information contained in the supplemental Affidavit of Financial Status filed by Plaintiff on June 26, 2009 (Doc. 2, sealed), presumably in conjunction with Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, discussed above. In her supplemental financial affidavit, Plaintiff indicates she is 51 years old and single. (Doc. 5, sealed, at 1.) She one "dependent" living with her, an unemployed, adult daughter who is attending school. (*Id*., at 2.) She also states that she assists another daughter "with her two infant children." (*Id*.) Plaintiff estimates the amount of monthly support she provides to be approximately $250.00. (*Id*.)

Plaintiff is currently unemployed, and was most recently employed by Boeing approximately 10 years ago, making a reasonable monthly wage. (*Id*., at 2-3.) She indicates the employment terminated because of a "job related disabilities discharge." (*Id*., at 3.)

Plaintiff owns no real property and does not own an automobile. (*Id*., at 3-4.) She previously filed for bankruptcy in 2001 and states that her home and vehicles were repossessed thereafter. (*Id*., at 6.) She does, however, spend $150 per month on automobile insurance for her daughter. (*Id*., at 5.) She indicates no cash on hand and states that she has "no bank account." (*Id*., at 4.) The only income listed is a monthly payment of Social Security benefits. (*Id*., at 4-5.)

Plaintiff enumerates the certain monthly expenses, including electricity, telephone, and groceries. (*Id*., at 5.) She does not have a housing/rental expense and provides no explanation as to why. (*Id*.) She lists other expenses, including medicine and travel to see doctors in Oklahoma. (*Id*., at 6.)

Given the information provided in Plaintiff's financial affidavit, it would appear that her monthly expenses match or slightly exceed her monthly income from Social Security benefits. As such, the first *Castner* factor weighs in Plaintiff's favor.

**B.     Plaintiff's Search for Counsel**.

Based on the information contained in Plaintiff's Motion for Appointment of Counsel, the Court also finds that she has engaged in a reasonable search for counsel. (Doc. 14., at 1.) Plaintiff states,

> I have made a good effort to find a lawyer to represent me. I have contacted the following lawyers, but they

>were not willing to risk prepaying for depositions,
>transcripts and expert witnesses, so I have been unable to
>obtain their services.

(*Id*.) She then lists five local attorneys she attempted to retain. The fact that Plaintiff has contacted the requisite number of counsel about her case and that none of them were willing to undertake her representation, however, does suggest that the case may not be a strong one.

**C.    The Merits of Plaintiff's Case**.

When a plaintiff appears *pro se*, a court construes her pleadings liberally and judges them against a less stringent standard than pleadings drawn by attorneys. ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). This does not mean, however, that a court is to become an advocate for the *pro se* plaintiff. ***Hall***, 935 at 1110; *see also* ***Haines v. Kerner***, 404 U.S. 519, 92 S.Ct. 594 (1972). A broad reading of a *pro se* plaintiff's Complaint does not relieve her burden to allege sufficient facts to provide the opposing party with fair notice of the basis of the claim or to allow the Court to conclude that the allegations, if proved, show Plaintiff is entitled to relief. ***Hall***, 935 F.2d at 1110; *see also* ***Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas***, 891 F.2d 1473 (10th Cir. 1989). Liberally construing a *pro se* plaintiff's Complaint means that "if the court can reasonably read the pleadings to state a valid claim on which

the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

In this case, Plaintiff drafted her own federal court Complaint, bringing claims for violations of 42 U.S.C. § 1983 and 42 U.S.C. § 1985, as well as intentional infliction of emotional distress, gross misconduct, assault and battery, false arrest, malicious prosecution, and conspiracy. (*See generally,* Doc. 1.) The Complaint contains numerous factual statements drafted by Plaintiff describing her allegedly "unlawful arrest, excessive and unreasonable use of force, unlawful search and seizure, abuse of process and malicious prosecution." (*See generally, id.*, at 9.)

A liberal review of Plaintiff's Complaint reveals a pleading that provides Defendant with sufficient factual detail to respond. It has also provided the Court with enough information to determine that Plaintiff's claims are not frivolous on their face, for the purposes of this motion. In other words, if these allegations are proven, Plaintiff may be entitled to relief.[1] The Court also sees no jurisdictional

---

[1] As stated above, however, because none of the contacted attorneys were willing to undertake Plaintiff's representation, her case may not be a strong one.

deficiencies in Plaintiff's Complaint, as she adequately raises federal questions. The third *Castner* factor thus weighs in Plaintiff's behalf.

**D.      Plaintiff's Capacity to Represent Herself**.

This brings the Court to the final factor – Plaintiff's capacity to prepare and present the case without the aid of counsel. *Castner*, 979 F.2d at 1420-21. In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.*, at 1422.

The Court notes that the factual and legal issues in this case are not unusually complex. *See Abu-Fakher v. Bode*, 175 Fed.Appx. 179, 185 (10th Cir. 2006) (holding that district court did not abuse its discretion in denying motion to appoint counsel by *pro se* inmate alleging civil rights violations); *cf. Kayhill v. Unified Govern. of Wyandotte*, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex"). In addition, the Court agrees with Defendants' assertion that Plaintiff did a highly capable job of drafting and filing her "well written, concise and professionally drafted" federal court Complaint (Doc. 16, at 2), as well has her Motion for Default Judgment against Defendants (Doc. 15.) The Court finds that Plaintiff appears to be an articulate individual with the ability to gather and present

7

facts crucial to her case. The Court therefore sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* in Courts throughout the United States on any given day. Although Plaintiff is not trained as an attorney, and while an attorney might present her case more effectively, this fact alone does not distinguish her from other *pro se* litigants or warrant appointment of counsel. ***Abu-Fakher***, 175 Fed.Appx. at 185.

As such, Plaintiff's Motion to Appoint Counsel is **DENIED without prejudice** to renewal later in these proceedings if Plaintiff can provide the Court with a sufficient showing of special circumstances that would warrant the appointment of counsel.

**IT IS THEREFORE ORDERED** that Plaintiff's application for appointment of counsel (Doc. 14) is **DENIED without prejudice** as discussed above.

Dated at Wichita, Kansas on this 17th day of February, 2010.

    s/ DONALD W. BOSTWICK
DONALD W. BOSTWICK
United States Magistrate Judge