# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROWANA RIGGS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09-1105-EFM-DWB |
| | ) |
| CITY OF WICHITA, KANSAS, | ) |
| NORMAN WILLIAMS and, | ) |
| CHRISTIAN CORY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Reconsider Appointment of Counsel.[1] (Doc. 23.) Although the time has not expired for Defendants to file a response, the Court does not believe any such submission would be helpful to the Court's decision. Having reviewed Plaintiff's submission, the Court is prepared to rule on this motion.

---

[1] Plaintiff also filed a "Second Motion for Extension of Time to File Reply." (Doc. 25.) In the motion, Plaintiff requested a hearing regarding her requested extension, as well as a request "that an attorney be assigned to represent [her] at that hearing." (Doc. 25, at 1-2.) Because that motion sought additional time to respond to the City's Motion for Default Judgment, it was decided by the District Court. In ruling on this Motion, the District Court granted Plaintiff's requested extension, but denied as moot her request for counsel at the hearing because she was not granted a hearing. (*Id*., at 2.)

## BACKGROUND

The facts of this case were summarized in the Court's February 17, 2010, Order (Doc. 19) denying Plaintiff's Motion to Appoint Counsel. That summary will not be repeated here, but is incorporated by reference.

Plaintiff filed the present motion to reconsider on April 19, 2010. (Doc. 23.) Therein, Plaintiff states, "I am in no physical or mental condition to represent myself in Federal Court or any court at this present time since the beating and assault in which Officer Cory instilled upon me has immobilized me too severely upon my thinking capacity and physically." (*Id.*) She reminds the Court that she is not an attorney and "need[s] one appointed to provide . . . justice in this case." (*Id.*) Finally, she contends that had "assistance from friends" to file her lawsuit, but needs any attorney "to make sure that justice is served . . ." (*Id.*) She

## DISCUSSION

As an initial matter, motions to reconsider non-dispositive orders are to be filed "within ten days after the filing of the order unless the time is extended by the court." D. Kan. Rule 7.3(b). Plaintiff's motion was not filed until approximately two months after the Court's underlying Order denying her request for counsel. Although the Court could consider this as a request to file her motion out of time,

that would require showing of excusable neglect. Plaintiff has provided no explanation for failing to file her motion in a timely manner, thus the Court has no basis to analyze the issue of excusable neglect. Rather than deny Plaintiff's motion on a technicality, however, the Court will review her request on its merits.

In its underlying Order, this Court discussed the four factors to be considered when deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII). The Court will not revisit its analysis of the first three *Castner* factors as nothing in Plaintiff's motion to reconsider implicates those issues.[2]

Instead, the Court will revisit the fourth factor, Plaintiff's capacity for self-representation. *Id*., at 1420-21. In considering this factor, the Court must look to

---

[2] The Court notes, however, that all three of these factors weighed in Plaintiff's favor in the Court's initial analysis. (*See* Doc. 19, at 3-7.) Even so, as the Court previously stated, because Plaintiff contacted the requisite number of attorneys about her case and none of them were willing to represent her suggests that her case may not be a strong one.

the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.*, at 1422.

As stated in the underlying Order, the factual and legal issues in this case are not unusually complex. *See* **Abu-Fakher v. Bode**, 175 Fed.Appx. 179, 185 (10th Cir. 2006) (holding that district court did not abuse its discretion in denying motion to appoint counsel by *pro se* inmate alleging civil rights violations); *cf.* **Kayhill v. Unified Govern. of Wyandotte**, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex"). Nothing in Plaintiff's motion to reconsider disputes this finding.

Although Plaintiff states she had "assistance from friends" in filing her federal court Complaint, the fact remains that she did a highly capable job of drafting and filing that pleading, which Defendants described as "well written, concise and professionally drafted." (Doc. 16, at 2.) She also drafted a Motion for Default Judgment against Defendants. (Doc. 15.) Despite any help she may have received from friends, Plaintiff has done nothing to change the Court's opinion that she is an articulate individual with the ability to gather and present facts crucial to her case.

Plaintiff also states that the events at issue in her lawsuit have "immobilized

4

[her] too severely upon [her] thinking capacity and physically." (Doc. 23.) This statement, however, is self-serving and wholly unsupported by anything of evidentiary value. In other words, this is nothing more than a conclusory statement that does not justify a reversal of the Court's prior ruling.

Despite the ordeal Plaintiff alleges to have suffered, she has done nothing to distinguish herself from the many other untrained individuals who represent themselves *pro se* in Courts throughout the United States on any given day – many of whom also are alleged to have faced what also could be characterized as traumatic events. *See, e.g.,* **Abu-Fakher**, 175 Fed.Appx. at 185; **Kayhill**, 197 F.R.D. at 458. As the Court stated in its underlying Order, while an attorney might present Plaintiff's case more effectively, this fact alone does not distinguish her from other *pro se* litigants or warrant appointment of counsel. **Abu-Fakher**, 175 Fed.Appx. at 185. In short, despite her comments to the contrary, Plaintiff has not established that the appointment of counsel is necessary to ensure that "justice is served."

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider

Appointment of Counsel (Doc. 23) is **DENIED**.

Dated at Wichita, Kansas on this 7th day of June, 2010.

           s/
DONALD W. BOSTWICK
United States Magistrate Judge