# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROWANA RIGGS,<br><br>*Plaintiff*,<br><br>vs.<br><br>CITY OF WICHITA, KANSAS,<br>CHIEF NORMAN WILLIAMS, in his<br>official and individual capacity, and<br>CHRISTIAN CORY, in his official and<br>individual capacity,<br><br>*Defendants*. | Case No. 09-1105-EFM |

## MEMORANDUM AND ORDER

Plaintiff Rowana Riggs brings this action pursuant to 42 U.S.C. § 1983, whereby she alleges that Defendants the City of Wichita, Kansas, Chief Norman Williams, and Christian Cory violated her constitutional rights when Defendant Cory allegedly used excessive force on Plaintiff while effecting her arrest on April 9, 2007. Plaintiff also asserts claims under Kansas law for intentional infliction of emotional distress, malicious prosecution, abuse of process, gross and wanton negligence, assault and battery, and false arrest.

The following facts are summarized from Plaintiff's Complaint. Defendant Cory is a police officer with the Wichita Police Department. Plaintiff states that on April 9, 2007, she observed Defendant Cory circle her car as she was inside a convenience store. Plaintiff claims that she did not see Defendant Cory again until she had pulled into her father's driveway, whereby he

-1-

approached her car and demanded that she exit her vehicle.  Plaintiff alleges that Defendant Cory did not wait for her to exit on her own, but instead opened her car door, grabbed her by her left arm and threw her to the ground.  Plaintiff claims that after throwing her to the ground, Defendant Cory began striking her in the face with his fists and began kicking her in her stomach and pelvic area.  Plaintiff further claims that witnesses began yelling at Defendant Cory to stop striking her, and at one point he used a Taser on her daughter who started to approach.  Plaintiff also alleges that Defendant Cory used a stun gun on her three or more times to her head, shoulders, and neck.  After she was placed in handcuffs, Plaintiff states that Defendant Cory picked her up off the ground and took to the back of her car where he threw he on the trunk, causing her head to hit the metal of the car and bounce.  Plaintiff claims she was later placed in the back seat of the patrol car and transported to jail, where Defendant Cory booked her on charges of resisting arrest, and various traffic charges, including evade and elude.  As a result of Defendant Cory's conduct, Plaintiff claims she sustained injury to both eyes resulting in long-term vision blurring, a broken tooth, swelling around her neck and shoulders, and a sore jaw.

After her release from jail, Plaintiff states that she filed a complaint against Defendant Cory with the Wichita Police Department's Professional Standards Unit.  Plaintiff claims no action was taken as a result of this complaint.

Plaintiff filed suit against Defendant Cory and Defendants the City of Wichita and Police Chief Norman Williams, alleging various claims under 42 U.S.C. § 1983, conspiracy to deprive her of her constitutional rights under 42 U.S.C. § 1985, and various state law claims.  Now before the Court are Plaintiff's Motion for Default Judgment, Plaintiff's Motion for Hearing, and Defendant

Cory's Motion to Dismiss.[1] For the following reasons, the Court grants in part and denies in part Defendant Cory's motion, and denies both of Plaintiff's motions.

## ANALYSIS

### I. PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

On February 2, 2010, Plaintiff filed a Motion for Default Judgment in which she argues that she is entitled to default judgment because Defendant Cory, along with Defendants the City of Wichita and Chief Williams, have ignored the summons issued to Defendant Cory and have failed to file an Answer to her Complaint. Prior to Plaintiff filing her motion, however, Defendant Cory moved for leave to file his Answer out of time. Plaintiff did not respond to Defendant Cory's motion. On January 15, 2010, before the Court ruled on that motion, Defendant Cory filed his Answer to the Complaint along with an Amended Answer. On February 16, 2010, the Court granted Cory's motion for extension of time, and because his Answer was already on file, the Court required no further action from him.[2] Consequently, Cory's Answer was timely filed, and he is not in default. Therefore, with respect to Defendant Cory, Plaintiff's motion is denied.

With respect to Defendants the City of Wichita and Chief Williams, the Court finds that neither has been served with summons as required by procedural rules. Under the Federal Rules of Civil Procedure, it is a plaintiff's responsibility to present to the Clerk of the Court for signature and seal a properly completed summons for each defendant.[3] A plaintiff is then responsible to ensure

---

[1] Defendant's the City of Wichita and Chief Williams do not join Defendant Cory's Motion to Dismiss.

[2] Because Plaintiff filed her Motion for Default Judgment before the Court ruled on Cory's Motion for Extension of time, the Court addressed Cory's motion on the merits rather than treating it as unopposed, even though Plaintiff failed to respond directly to the motion.

[3] Fed. R. Civ. P. 4(b).

that the summons and a copy of the Complaint are served on each defendant within the timeframe permitted by the Rules.[4] The record indicates that Plaintiff only presented to the clerk's office a summons for Cory, and not for any other Defendant. As a result, no other summons have been issued for the other Defendants. Because Plaintiff failed to perfect service as to Defendants the City of Wichita and Chief Williams as required by procedural rules, no Answer from them is due. Therefore, neither Defendant the City of Wichita nor Chief Williams is in default.[5] Accordingly, Plaintiff's motion is denied.[6]

## II. DEFENDANT CORY'S MOTION TO DISMISS

### a. Service of Summons

Defendant Cory first contends that, pursuant to Fed. R. Civ. P. 12(b)(5), Plaintiff's Complaint must be dismissed because it was not timely served. Defendant Cory argues that the Federal Rules of Civil Procedure only allow a plaintiff 120 days after filing a Complaint to perfect service on a defendant. Defendant Cory argues that Plaintiff served him 186 after filing the Complaint, and as a result, Plaintiff's Complaint should be dismissed.

Plaintiff filed her Complaint on April 9, 2009. That same day, Plaintiff moved the Court for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Court did not issue its ruling on Plaintiff's motion until June, 22, 2009, in which it found Plaintiff's motion moot based on her paying the required filing fee that same day. Rule 4 requires that a plaintiff serve a defendant within

---

[4]Fed. R. Civ. P. 4(c)(1).

[5]Plaintiff's argument that Defendants the City of Wichita and Chief Williams received service through the summons and Complaint served on Defendant Cory is without merit.

[6]A *pro se* litigant is not excused from complying with the rules of the Court and is subject to the consequences of noncompliance. *Ogden v. San Juan Cnty*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)).

120 days after a complaint is filed.⁷ Although Plaintiff filed her Complaint on April 9, 2009, the Clerk of the Court was precluded from issuing any summons to Plaintiff for service until her civil case actually commenced. To commence a civil case, a party must file a complaint with the Court *and* pay the required filing fee of $350.⁸ Until such time as the Court ruled on Plaintiff's motion to proceed *in forma pauperis*, the case had not commenced because no filing fee had been paid nor had the Court waived such fee. Thus, in this case, Plaintiff's action commenced for purposes of starting the service of summons clock under Rule 4 on June 22, 2009. Plaintiff served Defendant on October 13, 2009, which was within the timeframe required under Rule 4. Therefore, Defendant Cory's Motion to Dismiss pursuant to Rule 12(b)(4), Rule 12(b)(5), and Rule 4(m) is denied.

### *b. Compliance with K.S.A. § 12-105b*

Defendant Cory argues that because Plaintiff failed to comply with the notice requirements of K.S.A. § 105b, the Court lacks jurisdiction to hear Plaintiff's state law claims. Defendant Cory contends that complying with § 105b is a condition precedent to filing suit, and because Plaintiff failed to comply with this statutory requirement, her state law claims must be dismissed.

Under K.S.A. § 105b, a person must provide a municipality written notice of any claim against a municipality that might give rise to an action under the Kansas Tort Claims Act. This notice must be provided prior to filing any such action, and a plaintiff must refrain from filing suit for 120 days thereafter or until the municipality has denied the claim, whichever occurs first.⁹ Such

---

⁷Fed. R. Civ. P. 4(m).

⁸28 U.S.C. § 1914(a); Fed. R. Civ. P. 3.

⁹K.S.A. § 105b(d).

notice must be filed with the Clerk or governing body of the municipality.[10] Compliance with this statutory provision is mandatory.[11] Defendant Cory does not appear to dispute that Plaintiff provided the City of Wichita with notice under § 105b, but argues that Plaintiff failed to wait the required time before filing her lawsuit. Plaintiff filed this action the same day in which she provided the City of Wichita § 105b notice.[12] Because Plaintiff filed this action prior to waiting either the requisite 120 days or until the City of Wichita denied her claim, we conclude that she failed to substantially comply with the mandatory statutory prerequisites before filing suit against Defendant the City of Wichita.

Here, Plaintiff has alleged state law claims against Defendant Cory in both his individual and official capacity.[13] A claim against Defendant Cory in his official capacity as a police officer operates as a claim against the City of Wichita.[14] Thus, with respect to Plaintiff's state law claims brought against Defendant Cory in his official capacity, we find that those claims are brought against the City of Wichita. Because Plaintiff has failed to substantially comply with K.S.A. § 12-105b, her state law claims brought against Defendant Cory in his official capacity are dismissed. However, because § 105b only applies to claims brought against a municipality, Plaintiff's state law claims remain as alleged against Defendant Cory in his individual capacity.

---

[10]*Id.*

[11]*Tucking v. Bd. of Comm'rs of Jefferson Cnty.*, 14 Kan. App. 2d 442, 444-45, 796 P.2d 1055, 1057-58 (1990) (stating substantial compliance with the statute is required).

[12]Doc. 21-1 (Affidavit of Karen Sublett). Plaintiff does not dispute that she provided § 105b notice on April 9, 2009.

[13]While Plaintiff has also alleged the same state law claims against Defendants the City of Wichita and Chief Williams, only Defendant Cory moves to dismiss Plaintiff's claims.

[14]*See Grayson v. State of Kansas*, 2007 WL 1624630, at *4 (D. Kan. June 4, 2007) (citing *Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658, 691 n.55 (1978) (official capacity suits simply another way of pleading action against entity of which officer is agent)).

*c. Statute of Limitations*

Defendant contends Plaintiff's battery, assault, false arrest, and malicious prosecution claims are barred by statute of limitations. Federal courts turn to state law to determine the appropriate statute of limitations period for actions arising under state law.[15] Kansas law requires that any action for assault, battery, malicious prosecution, or false imprisonment be brought within one year from the date the incident occurred.[16] Plaintiff's Complaint alleges that her state law claims arose on April 9, 2007, but she did not file this action until two years later on April 9, 2009. Therefore, Plaintiff's state law claims of assault and battery (Count IV), false arrest (Count V), and malicious prosecution (Count VIII)[17] are barred by the applicable one-year statute of limitations under K.S.A. 60-514(b). Accordingly, Plaintiff's state law claims as alleged in Counts IV, V, and VIII are dismissed.

*d. Failure to State a Claim*

Defendant Cory also moves to dismiss certain of Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[18] "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this

---

[15]*See Reindl v. City of Leavenworth*, 361 F. Supp. 2d 1294, 1301-02 (D. Kan. 2005); *see also Pfuetze v. Kansas*, 2010 WL 3892243, at *8 (D. Kan. Sept. 29, 2010).

[16]K.S.A. § 60-514(b). "False arrest" and "false imprisonment" are synonymous terms under Kansas law. *See Brown v. State*, 261 Kan. 6, 9, 927 P.2d 938, 940 (1996).

[17]Because of a mistype in Plaintiff's Complaint, there is no claim identified as "Count VII."

[18]*Ashcroft v. Iqbal*, - - - U.S. - - -, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twonbly*, 550 U.S. 544, 570 (2007)).

plaintiff has a reasonable likelihood of mustering factual support for these claims."[19] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[20]

In determining whether a claim is facially plausible, the Court must draw on its judicial experience and common sense.[21] All well pleaded facts in the complaint are assumed to be true and are viewed in the light most favorable to the plaintiff.[22] Allegations that merely state legal conclusions, however, need not be accepted as true.[23]

Because Plaintiff is pursuing this action *pro se*, the Court must be mindful of additional considerations. "A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[24] However, "it is not the proper function of the district court to assume the role of advocate for the *pro se* litigant."[25] "[T]he court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[26]

---

[19]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[20]*Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

[21]*Iqbal*, 129 S.Ct. at 1950.

[22]*See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[23]*See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[24]*Id.*

[25]*Id.*

[26]*Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

### 1. Claims pursuant to 42 U.S.C. § 1983

#### a. *Malicious prosecution pursuant to 42 U.S.C. § 1983*

Plaintiff's malicious prosecution claim appears to relate to the charges for which the City of Wichita prosecuted Plaintiff in municipal court. Defendant Cory contends Plaintiff's Complaint fails to state a claim for relief because the criminal charges brought against Plaintiff were based on probable cause and because the criminal proceedings did not terminate in her favor.

A claim for malicious prosecution under § 1983 can only be brought against one acting under color of state law.[27] The common law tort of malicious prosecution is the starting point for a § 1983 malicious prosecution claim.[28] In Kansas, a plaintiff must prove the following elements to support an action for malicious prosecution: (1) that the defendant initiated, continued, or procured criminal proceedings against the plaintiff; (2) that the defendant acted without probable cause; (3) that the defendant acted with malice-that the defendant acted for a purpose other than securing the proper adjudication of the proceedings; (4) that the proceedings terminated in favor of the plaintiff; and (5) that the plaintiff sustained damages.[29] For a claim brought under § 1983, however, the ultimate question is "whether the plaintiff has proven a *constitutional* violation."[30] Plaintiff, therefore, must show that Defendant Cory's actions violated her Fourth Amendment right to be free from unreasonable seizures.[31] Thus, the crucial inquiry is whether Defendant Cory acted without probable

---

[27] *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996).

[28] *Wolford v. Lasater*, 78 F.3d 484, 489 (10th Cir. 1996).

[29] *Nelson v. Miller*, 227 Kan. 271, 275-76, 607 P.2d 438, 442-43 (1980).

[30] *Taylor v. Meacham*, 82 F.3d 1556, 1561 (10th Cir. 1996) (emphasis in original).

[31] *See id.*

cause.³² Our review into probable cause "is limited to the facts and circumstances as they appeared to [a] defendant at the time the prosecution was commenced."³³

Here, following trial in municipal court, Plaintiff was found guilty of resisting arrest, evading and eluding, back up lamps on, and runing stop sign. Thereafter, Plaintiff states in her Complaint that she appealed the convictions to the Sedgwick County, Kansas District Court, but prior to the appeal going to trial, she accepted a plea agreement in which she agreed to plead guilty to resisting arrest in exchange for the City of Wichita dismissing the remaining charges.³⁴ Because Plaintiff was convicted of the criminal offenses stemming from this incident, as she concedes in her Complaint, we cannot conclude that the proceedings terminated in her favor. In addition, Plaintiff's underlying conviction on the charges with which she was arrested conclusively establishes the existence of probable cause.³⁵ Accordingly, Plaintiff has failed to state a claim of malicious prosecution under § 1983 to which relief can be granted. Therefore, Plaintiff's claim for malicious prosecution brought pursuant to § 1983 is dismissed.

### b. *Abuse of Process pursuant to 42 U.S.C. § 1983*

Plaintiff also alleges an abuse of process claim under 42 U.S.C. § 1983. To establish the tort of abuse of process, a plaintiff must show: (1) that the defendant committed an act in the use of

---

³²*See Elbrader v. Blevins*, 757 F. Supp. 1174, 1178 (D. Kan. 1991).

³³*Demster v. City of Lenexa, Kan.*, 352 F. Supp. 2d 1165, 1175 (D. Kan. 2005) (citing *Glassey v. Ramada Inn*, 5 Kan. App. 2d 121, 123, 612 P.2d 1261, 1263 (1980)).

³⁴Plaintiff alleges that she accepted the plea agreement under duress, claiming the City of Wichita threatened jail and threatened to take away the disability payments she was receiving from Boeing if she did not accept the plea agreement. We note, however, that Plaintiff represents in her Complaint that she was represented by counsel during the municipal court proceeding and appeal to the Sedgwick County District Court.

³⁵*See Jackson v. Kansas Cnty. Ass'n Multiline Pool*, 2005 WL 756773, at *4 (D. Kan. Jan. 19, 2005) (citing *Smith v. Parman*, 102 Kan. 787, 172 P. 33, 34 (1918)); *Swanson v. Fields*, 814 F. Supp. 1007, 1014 (D. Kan. 1993).

process not proper in the regular prosecution of the proceeding; and (2) an ulterior purpose or motive for the use of regular court process; and (3) that damage resulted to the plaintiff from the irregularity.[36] "The gist of tort of abuse of process is not commencing an action or causing process to issue without justification [which is essential for malicious prosecution], but misusing or misapplying process justified in itself, for an end other than that which it was designed to accomplish."[37] Abuse of process differs from malicious prosecution in that "the latter is concerned with maliciously causing process to issue, while the former is concerned with the improper use of process after it has been issued."[38] Thus, an abuse of process claim is primarily concerned with using "legal process . . . against another primarily to accomplish a purpose for which it was not designed."[39]

The factual allegations in Plaintiff's Complaint do not state a plausible claim for abuse of process. While Plaintiff claims that she was told to "watch your back" after she made a complaint against another Wichita police officer prior to this incident, she makes no allegations that Defendant Cory used the process to accomplish an end other that what it was designed or that Defendant Cory had an ulterior purpose for using the court process. She also makes no allegation that Defendant Cory was either aware of this complaint or that this prior complaint was the purpose for Defendant Cory either causing the complaint in the current matter to issue or that it was the purpose or motive for Defendant Cory's use of the court process. Accordingly, Plaintiff has stated no violation of a

---

[36]*Good v. Bd. of Cnty. Comm'rs of Shawnee Cnty. Kan.*, 331 F. Supp. 2d 1315, 1330 (D. Kan. 2004) (citing *Porter v. Stormont-Vail Hosp.*, 228 Kan. 64, 646, 621 P.2d 411, 416 (1980)).

[37]*Id.*; *see also Jackson & Scherer, Inc. v. Washburn*, 209 Kan. 321, 331, 496 P.2d 1358, 1366-67 (1972).

[38]*Washburn*, 209 Kan. at 331, 496 P.2d at 1366.

[39]*Nelson v. Rains*, 2006 WL 1580978, at *3 (D. Kan. June 5, 2006).

constitutional right, and thus, has failed to state a claim for which relief can be granted for an abuse of process claim. Thus, Plaintiff's abuse of process claim is dismissed.

### c. Unlawful or False Arrest

Plaintiff alleges that Defendant Cory violated her Fourth Amendment rights, claiming that he lacked probable cause to effect her arrest. The Fourth Amendment is not violated when a person is arrested with probable cause.[40] As previously discussed, Plaintiff was arrested and convicted in the Wichita Municipal Court for evade and allude and resist arrest. The underlying municipal court conviction on the charges brought as a result of this incident conclusively establishes the existence of probable cause.[41] Therefore, Defendant Cory had probable cause to arrest Plaintiff. Accordingly, Plaintiff has failed to state a claim of unlawful or false arrest for which relief can be granted. This claim is dismissed.

### d. First Amendment

While not entirely clear, it appears that Plaintiff may be alleging that by arresting her, Defendant Cory was retaliating against her for making a prior complaint against another officer with the police department's Professional Standard's Unit. Plaintiff contends this conduct violated her First Amendment rights. To establish a First Amendment retaliation claim, a plaintiff must show: (1) that she was engaged in a constitutionally protected activity; (2) that the government's actions caused her injury that would chill a person of ordinary firmness from continuing to engage in that

---

[40]*Graham v. Connor*, 490 U.S. 386, 396 (1989).

[41]*See Jackson*, 2005 WL 756773, at *4 (citing *Smith*, 172 P. at 34); *Swanson*, 814 F. Supp. at 1014.

activity; and (3) that the government's actions were substantially motivated as a response to her constitutionally protected conduct.[42]

Defendant Cory concedes that filing a complaint with law enforcement officials to petition for redress of grievances constitutes an exercise of a First Amendment right that may give rise to a retaliation claim.[43] Defendant Cory, however, argues that Plaintiff has not alleged that he interfered or attempted to interfere with her right to file a complaint, nor has she alleged that he attempted to interfere with her attempts to pursue any investigation with the Professional Standards Unit. Defendant Cory further argues that Plaintiff has failed to allege any facts that he arrested her for exercising her First Amendment rights. We agree.

Reviewing Plaintiff's Complaint liberally, as we must, we conclude that Plaintiff has failed to state a First Amendment retaliation claim against Defendant Cory. Plaintiff has alleged no facts demonstrating that Defendant Cory's actions or her arrest were motivated, substantially or otherwise, to her filing a prior complaint against another officer. In fact, Plaintiff has alleged no facts showing that Defendant Cory had any personal knowledge of the prior complaint so as to act on it. Therefore, Plaintiff's claim under the First Amendment is dismissed.

### e. Fifth and Fourteenth Amendment Claims

Plaintiff alleges that Defendant Cory violated her Fifth and Fourteenth Amendment rights. Plaintiff, however, has alleged no facts to support a claim that her due process rights were violated. Plaintiff received a trial in municipal court, and she took steps to appeal that conviction to the Sedgwick County District Court with the assistance of counsel. In each of these venues, Plaintiff

---

[42] *Nielander v. Bd. of Cnty. Comm'rs of Cnty. of Republic, Kan.*, 582 F.3d 1155, 1165 (10th Cir. 2009).

[43] *See Meyer v. Bd. of Cnty. Comm'rs of Harper Cnty., Okla.*, 482 F.3d 1232, 1243 (10th Cir. 2007).

had the opportunity to contest the charges and present her case. Therefore, we find no denial of due process under either the Fifth or Fourteenth Amendments with regard to these claims.

Although unclear, Plaintiff's due process allegations under the Fifth and Fourteenth Amendments may relate to her excessive force claims. However, a claim that a law enforcement officer used excessive force in the course of making an arrest is properly analyzed under the Fourth Amendment's "objective reasonableness" standard rather than under a substantive due process standard.[44] Thus, Plaintiff's claims, as far as alleged under the Fifth and Fourteenth Amendments, are dismissed.

### 2. Conspiracy to interfere with Civil Rights claim pursuant to 42 U.S.C. § 1985

Plaintiff alleges that Defendant Cory, together with Defendants the City of Wichita and Chief Williams, conspired together to deprive her of her constitutional rights in violation of 42 U.S.C. § 1985, which establishes a cause of action for conspiracy to deprive a person of his or her civil rights. "The essential elements of a 1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom."[45] "[Section] 1985(3) does not 'apply to all tortious, conspiratorial interferences with the rights of others,' but rather, only to conspiracies motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.' "[46]

---

[44] *Graham*, 490 U.S. at 388.

[45] *D'Addabbo v. United States*, 316 Fed. Appx. 722, 726 (10th Cir. 2008) (quoting *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993)); *see also Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971).

[46] *D'Addabbo*, 316 Fed. Appx. at 726 (citing *Tilton*, 6 F.3d at 686); *see also Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268 (1993) (a plaintiff alleging a § 1985(3) claim "must show, inter alia, (1) that some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action").

Plaintiff has not alleged that she was the victim of race or class-based invidiously discriminatory animus, thus, she has failed to state a claim under 42 U.S.C. § 1985. Defendant Cory's motion is granted with respect to this claim.

### 3. Official Capacity Claims

Defendant Cory moves to dismiss all claims against him in his official capacity, arguing that such claims are redundant. Defendant Cory argues that naming him in is official capacity is the equivalent of naming the City of Wichita as a defendant, and because the City of Wichita is a defendant in this action, the claims alleged against him are redundant and should be dismissed. In this action, only Defendant Cory has been served with summons and an copy of the Complaint. Thus, at this juncture, the Court declines to find the claims brought against Defendant Cory in his official capacity redundant. Defendant Cory's motion to dismiss claims against him in his official capacity is, therefore, denied.

### III. PLAINTIFF'S MOTION FOR HEARING

Plaintiff moves the Court to schedule a hearing on her Motion for Default Judgment. The Court finds that a hearing is not required to decide the issues presented in Plaintiff's motion. Therefore, the motion is denied.

### CONCLUSION

As a result of the foregoing, the following claims are dismissed: all state law claims alleged against Defendant Cory in his official capacity; Plaintiff's state law claims of assault and battery, false arrest, and malicious prosecution alleged against Defendant Cory in his individual capacity; Plaintiff's claims of malicious prosecution, abuse of process, and unlawful or false arrest (unlawful seizure) alleged against Defendant Cory in both his official and individual capacity pursuant to 42

U.S.C. § 1983, and the First, Fourth, Fifth, and Fourteenth Amendments; and Plaintiff's conspiracy claim alleged pursuant to 42 U.S.C. § 1985 against Defendant Cory in both his official and individual capacity.

Defendant Cory has not moved to dismiss Plaintiff's excessive use of force claim alleged pursuant to 42 U.S.C. § 1983 and the Fourth Amendment, and therefore, that claim survives against him in both his individual and official capacity. Defendant Cory similarly has not moved to dismiss Plaintiff's state law claim of intentional infliction of emotional distress. Thus, that claim survives against Defendant Cory, but only in his individual capacity. Defendant Cory also failed to address Plaintiff's claim for gross and wanton misconduct; therefore, that claim also survives as alleged against Defendant Cory in his individual capacity, and in his official capacity but only to the extent that such claim relates to Plaintiff's excessive use of force claim.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment (Doc. 15) is hereby DENIED.

**IT IS FURTHER ORDERED** that Defendant Cory's Motion to Dismiss (Doc. 20) is hereby GRANTED in part and DENIED in part.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Hearing (Doc. 30) is hereby DENIED.

**IT IS SO ORDERED.**

Dated this 21st day of December, 2010.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE