# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROWANA RIGGS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09-1105-EFM-KGG |
| | ) |
| CITY OF WICHITA, KANSAS, | ) |
| NORMAN WILLIAMS and, | ) |
| CHRISTIAN CORY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM AND ORDER

Numerous motions are currently pending before the Court, including the following:

1. Plaintiff's Motion to Compel Production of Documents (Doc. 45);

2. Plaintiff's Motion to Order Mediation (Doc. 46); and

3. Defendant's Motion for Order for Medical Records (Doc. 52).

Each will be addressed in turn.[1]

---

[1] Plaintiff has also filed her "Motion for Protective Order," which actually requests an injunction. As such, this motion will be addressed under a separate order by the District Court.

BACKGROUND

The facts of this case were summarized in the Court's Orders of February 17, 2010 (Doc. 19) and June 7, 2010 (Doc. 28) denying Plaintiff's requests for counsel as well as the District Court's December 21, 2010, Memorandum and Order (Doc. 32) relating to certain dispositive motions. Those summaries will not be repeated here, but are instead incorporated by reference.

DISCUSSION

A.  **Plaintiff's Motion to Compel Production of Documents (Doc. 45)**.

Plaintiff brings this motion seeking an Order compelling Defendant to produce the following: 1) a fine of $150.00 apparently entered by the Sedgwick County, Kansas District Court against Defendant; 2) photographs of injuries to Plaintiff's body; 3) "complaints" filed against Defendant Cory, during his employment and presumably at any point during his lifetime; 4) copies of the "FBI investigation of this beating"; and 5) photographs or video of Plaintiff taken by employees of the Sedgwick County Jail. (*See* Doc. 45, at 1-2.)

Defendant responds, in part, that Plaintiff has failed to comply with the requirement of D.Kan. Rule 37.2, which states that "[t]he court **will not entertain** any motion to resolve a discovery dispute . . . unless . . . the moving party has conferred or made reasonable effort to confer with opposing counsel concerning

the matter in dispute prior to the filing of the motion." (Emphasis added.) The local rule also requires a motion to compel to include a certification describing with particularity the steps taken by the parties to resolve the issue in dispute. These requirements encourage parties to resolve discovery disputes "without judicial intervention." **Cotracom Commodity Trading Co. v. Seaboard Corporations**, 189 F.R.D. 456, 459 (D.Kan.1999); *see also* **VNA Plus, Inc. v. Apria Healthcare Group, Inc.**, No. 98-2138-KHV,1999 WL 386949, at *1 (D.Kan. June 8, 1999).

This Court has recently addressed the issue of what constitutes "conferring" between the parties.

> The conference mandate of 'reasonable efforts to confer' requires 'more than mailing or faxing a letter to the opposing party.' D. Kan. Rule. 37.2. Rather, the parties must 'in good faith converse, confer, compare views, and consult and deliberate or in good faith attempt to do so.' *Id*.; *see also* **Cotracom**, 189 F.R.D. at 459. '[The parties] must make genuine efforts to resolve the dispute by determining precisely what the requesting party is actually seeking; what responsive documents or information the discovery party is reasonably capable of producing, and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention.' **Cotracom**, 189 F.R.D. at 459.

**Stephenson v. Young**, No. 10-2197-KHV-KGG, 2010 WL 4961709, at *2 (D. Kan. Nov. 29, 2010). D.Kan. Rule 37.2 "contemplates a conference, either

face-to-face or by telephone (not via electronic message) in which the parties, in good faith, discuss and attempt to resolve the dispute." *Id*. There is no evidence – and certainly no certificate of compliance – to indicate that Plaintiff has made any effort to confer. As such, the Court will not entertain Plaintiff's motion to compel (Doc. 45), which is **DENIED**. Plaintiff is instructed to confer with Defendant regarding the issues contained in this motion in accordance with Fed.R.Civ.P. 37(a)(1) and D. Kan. Rule 37.2, as discussed above.

To the extent the parties cannot resolve these differences, Plaintiff may file a renewed motion. While the Court does not rule on the substance of Plaintiff's underlying motion to compel, it will, however, provide some guidance for the parties to consider as they confer and/or file renewed motions. Initially, the Court does not have jurisdiction to compel Defendant to pay a fine issued by another court. As such, Plaintiff should be mindful of this when conferring with Defendant and/or considering filing a renewed motion on that issue. Likewise, Plaintiff can only request from Defendant Cory documents in his possession, custody, or control. Fed.R.Civ.P. 34. It is apparent that Defendant Cory does not possess or control the requested photographs (which should be requested from the City of Wichita and/or Sedgwick County), or copies of any FBI investigation (which can be requested from the FBI, if it exists). Finally, Plaintiff's requests for

"complaints" regarding Defendant Cory is somewhat broadly worded. Even so, the Court anticipates Plaintiff would be entitled to complaints filed against Cory during his employment with the City that are similar in nature to the events contained in Plaintiff's federal court Complaint.

**B.     Plaintiff's Motion to Order Mediation (Doc. 46)**.

Plaintiff next moves the Court for an order compelling the parties to participate in mediation. (Doc. 46.) Plaintiff cites no authority to support her request. Rather, she argues that she "filed a good faith proposal to settle this case," but that "the City of Wichita and Officer Cory have not made any attempt to contact [her] by phone or letter to negotiate a settlement." (*Id.*) She does state, however, that Defendant Cory's attorney rejected her settlement offer by letter dated March 9, 2011. (*Id.*)

Defendant responds that, pursuant to the Court's Scheduling Order, Defendant made a "good faith" response to Plaintiff's settlement offer. (Doc. 48, at 1.) Also pursuant to the Scheduling Order, Defendants provided the Court with their confidential report evaluating the prospects of settlement. (*Id.*)

The Court finds that Defendant has acted in good faith and that mediation, at the present time, would not be helpful. Without commenting on the merits of Plaintiff's claims, the Court notes that an out right rejection of a settlement offer by

a party may constitute a "good faith" response when a party does not believe the claims of the other party to be viable. In other words, a defendant is not expected to offer to settle a case simply because the case was filed against it. Plaintiff's Motion to Order Mediation (Doc. 46) is **DENIED**.

**C.     Defendant's Motion for Order for Medical Records (Doc. 52)**.

Defendant Cory moves the Court for an Order for Plaintiff's medical providers to produce her medical records.[2] (Doc. 52.) Prior to filing the present motion, Defendant contends that he sent Plaintiff "authorizations to obtain medical records" in February, but has received no response. (Doc. 53, at 1.) From the contents of Defendant's motion, it is apparent that Defendant has not made a good faith effort to confer with Plaintiff on this issue. *See Stephenson*, 2010 WL 4961709, at *2, *supra*. As such, Defendant's motion is **DENIED**.

The Court notes that Defendant has submitted a proposed order "which expressly authorizes each medical provider to produce plaintiff's medical records . . . . [and] complies with HIPPA [sic]." (*Id.*, at 3.) Even assuming Defendant had conferred with Plaintiff, the Court would not approve Defendant's proposed order. Rather, the Court directs Defendant to the procedures outlined in its recent

---

[2] The Court notes that the time has not expired for Plaintiff to respond to this motion. Even so, the Court finds that argument from Plaintiff is unnecessary as the Court is denying Defendant's motion.

decisions on this issue in *Spraggins v. Sumner Regional Medical Center, et al.*, No. 10-2276-WEB-KGG (Docs. 42, 56). *See* 2010 WL 4568715 (D. Kan. Nov. 3, 2010) and 2010 WL 5137439 (D. Kan. Dec. 10, 2010). As stated in the former *Spraggins* decision, issuance of a records subpoena under Fed.R.Civ.P. 45 "is the appropriate procedure for obtaining records." 2010 WL 4568715, at *3.

Upon motion to reconsider the initial *Spraggins* ruling, this Court provided further guidance on the subject:

> Rule 45 of the Rule of Civil Procedure governs the acquisition of records from nonparties. The rule includes a requirement that a subpoena requesting the production of documents be proceed by a notice to each party, Fed. R. Civ. Proc. 45(b)(1), thus providing other parties an opportunity to object to the issuance of the subpoena by proper motion. The Rule also provides protections to the subject non-party. Fed. R. Civ. Proc. 45(c). After notice, a party can challenge the appropriateness of the subpoena by motion. Fed. R. Civ. Proc. 45(c)(3). If a subpoenaed party fails to respond, the Court may issue an order to enforce the subpoena. Fed. R. Civ. Proc. 45(3)(c).
>
> The defense requests this Court issue an order which would allow it to completely bypass Rule 45 procedures and protections. The proposed order would compel all medical providers, unnamed and unidentified, with no restriction on subject or time, to provide all records concerning the plaintiff. Such an order would allow the defense to completely avoid the notice requirement of Rule 45, and deprive the plaintiff or other party of the opportunity to contest the records request. In short, the requested order would permit the defense to issue secret records requests. The Court is not convinced that this

7

> extraordinary procedure is fair, wise or necessary.
>
> The opportunity to object is of more than academic concern. Although the Court has previously ruled that the physician-patient evidentiary privilege does not apply in this case, a person's medical records are profoundly personal and private. Any subpoena must be within the proper scope of discovery, that is the requested information must be relevant to the claims or defenses in the case. Fed. R. Civ. Proc. 26(b). Even in the absence of privilege and given the broad scope of discovery, the Court does not have sufficient evidence to rule in this case that any and all providers which might be served with the requested order possess discoverable evidence.
>
> The Defendant's primary argument is that the HIPAA regulation 45 C.F.R. § 164.512(e)(1)(i) gives the defense a "right" to the proposed order. (Doc. 48 at page 5). Even accepting the dubious proposition that a right to a court order could be created by such a regulation, the defense misreads the provision. HIPAA generally prohibits the disclosure of medical information. The cited provision is an exception which "permits" the provider to comply with a court order (such as an order under Rule 45 enforcing a subpoena). The provision does not give the defense a "right" to a court order. As detailed in the previous Memorandum and Order, HIPAA equally permits compliance with a Rule 45 subpoena, provided certain routine safeguards are met. 45 C.F.R. § 164.512(e)(1)(ii).

2010 WL 5137439, at *1-2. The Court will, however, approve stipulated orders to produce records, as they can expedite the case for both parties. However, in the absence of an agreement, the Court directs Defendant to follow this procedure in seeking Plaintiff's medical records.

8

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Production of Documents (Doc. 45) is **DENIED**.

**IT IS FURTHER THEREFORE ORDERED** that Plaintiff's Motion to Order Mediation (Doc. 46) is **DENIED**.

**IT IS FURTHER THEREFORE ORDERED** that Defendant's Motion for Order for Medical Records (Doc. 52) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas on this 20th day of April, 2011.

    S/ K<small>ENNETH</small> G. G<small>ALE</small>
KENNETH G. GALE
United States Magistrate Judge