# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ROWANA RIGGS,

       *Plaintiff*,

vs.

CHRISTIAN CORY, in his official and individual capacity,

       *Defendants.*

Case No.09-1105-EFM

## MEMORANDUM AND ORDER

Highly summarized, this case arises out of Plaintiff Rowana Riggs' arrest that occurred on April 9, 2007, in Wichita, Kansas. Since the case's inception, many of Plaintiff's claims have been dismissed. As a result, only the following claims remain: (1) excessive use of force against Defendant Officer Christian Cory in both his official and individual capacities; (2) intentional infliction of emotional distress against Defendant Cory in his individual capacity; and (3) gross and wanton misconduct against Defendant Cory in his individual capacity, and in his official capacity, but only to the extent that such claim relates to Plaintiff's excessive use of force claim.[1]

Early on in this matter, Plaintiff made a request for appointed counsel, which the Court denied.[2] Upon further review of Plaintiff's complaint, and in light of the development of this case, though, the Court deems it necessary to sua sponte reconsider its earlier denial.

---

[1] As noted by the Court in its December 21, 2010, Order, Defendant Cory did not move to have any of these claims dismissed in his motion.

[2] *See* Docs. 19 & 28.

When determining whether to appoint counsel for an individual, the Court is to consider the following four factors: (1) the plaintiff's ability to afford counsel; (2) the plaintiff's diligence in searching for counsel; (3) the merits of the plaintiff's case; and (4) the plaintiff's capacity to prepare and present the case without the aid of counsel.[3]

As noted by the Court in its earlier Orders addressing Plaintiff's request for appointed counsel, factors one through three were found to be met in this case, as it appeared that Plaintiff's monthly expenses matched or slightly exceeded her social security check, which is Plaintiff's only stated form of income, Plaintiff had contacted at least five attorneys in an effort to secure representation, and it appeared that Plaintiff may succeed on her excessive use of force claim.[4] The Court denied Plaintiff's request at the time it was made, though, because the case did not appear to overly complex and it appeared that Plaintiff was representing herself aptly enough.

Since issuing its earlier Orders, at least two significant developments have occurred. First, Plaintiff's action has survived Defendant Cory's motion to dismiss. Second, Defendant has filed a notice of service, which indicates that an expert has been retained. In light of these developments, the Court now finds assistance of counsel is needed on a going forward basis. Appointed counsel not only will be able to help Plaintiff navigate the murky waters of discovery, but also help to rebut the expert that Defendant has apparently retained.[5] Accordingly, the Court appoints Ryan M. Peck of Morris, Lang, Evans, Brock & Kennedy, Chtd. to represent Plaintiff in this matter.

---

[3]*See, e.g., Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

[4]*See* Docs. 19 & 28.

[5]*Cf. Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (noting that the court usually appoints counsel in cases that involve indigent prisoners and require expert testimony).

In raising this issue sua sponte, the Court assumed that Plaintiff continues to wish to be represented by counsel. If this is not the case, Plaintiff should so inform the Court immediately.

**IT IS SO ORDERED**.

Dated this 27th day of July, 2011.

*Eric F. Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE