IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROWANA RIGGS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09-1105-EFM-KGG |
| | ) |
| CITY OF WICHITA, KANSAS, | ) |
| NORMAN WILLIAMS and, | ) |
| CHRISTIAN CORY, | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff has filed a new motion for appointment of counsel. (Doc. 108.) Because the Plaintiff has not demonstrated that she is incapable of representing herself – and because the Court is convinced that, based on her previously unsuccessful relationship with appointed counsel, appointment of new counsel would be unhelpful – her motion is **DENIED**.

This history of this issue is unusual. Plaintiff filed this lawsuit in April of 2009, almost three years ago. A motion to proceed in *forma pauperis* was denied as moot because Plaintiff paid the filing fee while the motion was pending. After some procedural matters, the case was joined by Defendants' answers in January of 2010. In February of 2010, Plaintiff filed her first motion for appointment of

counsel. (Doc. 14.) Magistrate Judge Bostwick, the magistrate previously assigned to the case, denied the motion. The Court evaluated the factors dictated by the Tenth Circuit: (1) plaintiff's ability to afford counsel, (2) plaintiff's dilligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. (*See* Doc. 19.)

Judge Bostwick, citing *Caster v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) observed:

> Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.

Magistrate Judge Bostwick found that Plaintiff had at least minimally met the first three factors. However, the Court found that the factual and legal issues in this case are not usually complex, and that the Plaintiff had demonstrated, through drafting her Complaint and other pleadings, that she is an "articulate individual with the ability to gather facts crucial to her case." Finding no basis to distinguish Plaintiff from other untrained individuals who represent themselves *pro se* in Courts, the Court denied her motion. The Court specified that Plaintiff would be permitted to renew her motion later if she can provide the Court with "special

circumstances" warranting the appointment of counsel. (Doc. 19.) Since that ruling, Plaintiff has participated in the bringing and defending of motions on several occasions, and has appeared personally for hearings.

On July 27, 2011, District Judge Melgren *sua sponte* reconsidered Plaintiff's request for counsel. (Doc. 87.) Judge Melgren noted two significant events since the original denial – Plaintiff's action survived one Defendant's motion to dismiss, and Defendant filed a notice that it had retained an expert. The Court found that assistance of counsel was needed on a going forward basis to help Plaintiff navigate the "murky waters of discovery" and to help rebut Defendant's expert. The Court then appointed counsel to represent Plaintiff. (Doc. 87, at 2.) Appointed counsel entered his appearance on August 1, 2011. (Doc. 88.)

Plaintiff's relationship with appointed counsel failed. In October of 2011, Plaintiff filed three documents with the Court in the form of letters to Magistrate Judge Gale. (Docs. 98, 99, 101). These letters, in part, complained about disagreements with appointed counsel and were filed without appointed counsel's knowledge or agreement. On October 27, 2011, appointed counsel moved to withdraw. (Doc. 102.) That motion was granted on November 3, 2011. (Doc. 104.)

On December 8, 2011, this Court held an in-person scheduling conference

with the parties.  At that hearing, Plaintiff stated that she had argued with appointed counsel and that as far as she was concerned he was "fired."  The Court expressed doubt concerning the likelihood that another request for counsel would be successful.  Plaintiff stated that because of injuries allegedly suffered in the events that are the subject of this action, and because her glasses prescription was inadequate, she could not adequately represent herself.  The Court inquired if she was under the care of a physician for mental problems, and she stated she was not.  New deadlines were set at that hearing (Doc. 107).

Plaintiff's present motion for appointment was filed on January 6, 2012.  (Doc. 108.)  It is opposed by Defendant.  (Doc. 109.)

The appointment of an attorney for a party who cannot afford to hire their own attorney is discretionary.  Attorneys appointed in these cases volunteer with little expectation of compensation.  Although it is possible in a case such as this one that a fee might be awarded if the claim is successful, counsel volunteer knowing that their work will probably be without fee. This provides a valuable service to the litigant, of course, but also provides important assistance to the Court.  As Judge Bostwick observed earlier in this case, the request for such volunteers should be made prudently.  While almost any *pro se* litigant would be advantaged by the appointment of an attorney, such appointments should be

4

reserved for cases in which special circumstances warrant appointment.

Judge Melgren appointed volunteer counsel in this case.  Although that relationship failed, there is no evidence that appointed counsel failed in his professional duties to Plaintiff.  The Court cannot simply continue to appoint counsel until Plaintiff gets one she likes.  There is no evidence that the Plaintiff is less able than other *pro se* litigants to represent herself.

Moreover, this case is almost three years old.  In a fourth scheduling order, this Court set a new discovery deadline of April 2, 2012, with a final pretrial conference shortly thereafter.  (Doc. 107.)  It is unlikely, based on the current schedule, that another appointed counsel could now achieve the purposes Judge Melgren cited in his Order.  Both parties are entitled to have this matter proceed to conclusion.  The Court doubts that another attempt to appoint counsel for Plaintiff would facilitate that end.

Plaintiff's motion for appointment of Counsel is, therefore, **DENIED**.[1]

IT IS SO ORDERED.


Dated at Wichita, Kansas, on this 26th day of January, 2012.

---

[1] Pursuant to Fed.R.Civ.P. 72.1(a) and D Kan. Rule 72.1.4, Plaintiff may serve and file objections to this Order to the District Court within 14 days after being served with a copy.

       S/K<small>ENNETH</small> G. G<small>ALE</small>
       KENNETH G. GALE
       United States Magistrate Judge