# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROWANA RIGGS,<br><br>*Plaintiff,*<br><br>vs.<br><br>CITY OF WICHITA, KANSAS, CHIEF NORMAN WILLIAMS, in his official capacity, CHRISTIAN CORY in his official and individual capacity,<br><br>*Defendants.* | Case No. 09-1105-EFM |

## MEMORANDUM AND ORDER

This case arises out of Plaintiff Rowana Riggs's arrest that occurred on April 9, 2007, in Wichita, Kansas. Plaintiff alleges that Defendant Christian Cory, a Wichita police officer, violated her constitutional rights under 42 U.S.C. § 1983 by using excessive force in effectuating her arrest. Plaintiff also brings state law claims of intentional infliction of emotional distress and gross and wanton negligence against Defendant Cory. The matter is now before the Court on Defendant Cory's motion for summary judgment. Because there are genuine issues of material fact precluding summary judgment, the Court denies Defendant's motion.

# I. Factual and Procedural Background[1]

On the night of April 9, 2007, Defendant Christian Cory, a Wichita Police Officer, performed a traffic stop of Plaintiff Rowana Riggs's vehicle. Defendant Cory had been employed by the Wichita Police Department ("WPD") for approximately seven years. Officer Cory was in uniform, working third shift, and patrolling in a marked WPD patrol car.

Officer Cory performed the traffic stop in Riggs's father's driveway.[2] Riggs parked in the driveway. Officer Cory parked in the street at the end of the driveway and approached the driver's side of Riggs's vehicle on foot. At some point during the incident, Riggs's daughter, Brucelle Guillory, approached the vehicle, and Officer Cory tased her. Officer Cory radioed a call for assistance, and two officers responded. One of the officers, Officer Neal, went directly to Guillory and took her into custody. After Officer Neal performed a pat down on Guillory, and after Riggs was in custody, she performed a pat down on Riggs. Officer Neal noticed dirt and gravel on Riggs, but no injuries.

Officer Cory arrested Riggs and took her to the Sedgwick County Adult Detention Facility for booking. Riggs was charged and later convicted in Wichita Municipal Court of resisting arrest, evade and elude, back-up lamps on, and running a stop sign. She appealed those convictions to Sedgwick County District Court. Riggs subsequently pleaded *nolo contendere* to the charge of resisting arrest. The remaining charges were dismissed.

---

[1] In accordance with summary judgment procedures, the Court has set forth the uncontroverted facts, and they are related in the light most favorable to the non-moving party.

[2] Defendant and Plaintiff put forth vastly different versions of the facts surrounding Plaintiff's arrest. Thus, the Court will not set forth those facts here, but it will discuss these facts later in this Order.

On April 9, 2009, Riggs filed this action against Officer Cory, Chief of Police Norman Williams, and the City of Wichita.[3] This Court previously dismissed several claims.[4] In addition, the Court previously dismissed Chief of Police Williams and the City of Wichita.[5]

At this time, the only remaining claims are: a 42 U.S.C. § 1983 claim for excessive force against Defendant Cory in his individual capacity; a state law claim for intentional infliction of emotional distress against Defendant Cory in his individual capacity; and a state law claim of gross and wanton negligence against Defendant Cory in his "individual capacity, and in his official capacity, but only to the extent that such claim relates to plaintiff's use of excessive force."[6] Defendant Cory now seeks summary judgment on those claims remaining against him.

## II. Legal Standard

Summary judgment is appropriate if the moving party demonstrates that "there is no genuine dispute as to any material fact" and that it is "entitled to judgment as a matter of law."[7] The Court must view the evidence and all reasonable inferences in the light most favorable to the nonmoving party.[8] The moving party bears the initial burden of demonstrating the absence of a

---

[3] When Riggs filed this action, she filed as a pro se litigant. The Court subsequently appointed counsel, and several different counselors have represented her at different times over the past several years, including during summary judgment briefing. But Riggs is once again proceeding pro se.

[4] *See* Doc. 32.

[5] *See* Doc. 86.

[6] With respect to the gross and wanton negligence claim, the Court has issued two previous orders. See Docs. 32, 86. In Doc. 32, the Court stated that this claim survived against Defendant Cory in his official and individual capacity. But the Court also stated in that Order that all state law claims against Defendant Cory in his official capacity were dismissed. In Doc. 86, the Court noted that it may have incorrectly stated in its December 21 Order that Plaintiff's gross and wanton claim survived against Defendant Cory in his official capacity. The Court, however, declined to resolve the matter at that time. The Court will now resolve the issue and make clear that the gross and wanton negligence claim only survives against Defendant Cory in his individual capacity.

[7] Fed. R. Civ. P. 56(a).

[8] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

genuine issue of material fact.⁹ To meet this standard, the moving party need not disprove the nonmoving party's claim; rather, the movant must simply point out the lack of evidence on an essential element of the nonmoving party's claim.¹⁰

If the moving party carries its initial burden, the party opposing summary judgment cannot rest on the pleadings but must bring forth "specific facts showing a genuine issue for trial."¹¹ "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein."¹² Conclusory allegations alone are insufficient to defeat a properly supported motion for summary judgment.¹³

### III. Analysis

#### A. Plaintiff's 42 U.S.C. § 1983 Claim

##### 1. *Reasonableness of Excessive Force*

Defendant first argues that he is entitled to summary judgment on Plaintiff's § 1983 claim because the uncontroverted facts demonstrate that his use of force was objectively reasonable. "Claims of excessive force are analyzed under the objective reasonableness standard of the Fourth Amendment."¹⁴ The reasonableness of the officer's actions must be assessed from the officer's perspective on the scene, understanding that the officer is under stressful and dangerous

---

⁹ *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

¹⁰ *Id.* (citing *Celotex*, 477 U.S. at 325).

¹¹ *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005).

¹² *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998).

¹³ *White v. York Int'l Corp.*, 45 F.3d 357, 363 (10th Cir. 1995).

¹⁴ *Medina v. Cram*, 252 F.3d 1124, 1131 (10th Cir. 2001).

circumstances requiring split-second decisions.[15] There are several relevant factors when considering whether the amount of force exercised was objectively reasonable: (1) the severity of the underlying offense, (2) whether the suspect posed an immediate threat to the officer, and (3) whether the suspect was actively resisting arrest.[16] Objective reasonableness is a legal determination in the absence of disputed facts.[17]

In this case, the underlying facts are in dispute. With respect to the first factor, Defendant concedes that it weighs in Plaintiff's favor because Plaintiff was stopped for "relatively low-severity misdemeanors." Plaintiff, however, controverts that she engaged in any crime prior to being stopped by Defendant. Thus, the parties disagree over the events leading up to Plaintiff's arrest.

The second and third factors overlap in this case. Again, the parties provide two different versions of the facts. Defendant contends that Plaintiff was unresponsive to his requests for compliance, reached for his taser, repeatedly turned her body towards him, yelled for assistance from bystanders, and violently struggled with him. Thus, he contends that his muscling techniques, three closed-fist strikes, four knee kicks, and three taser drive-stuns to Plaintiff were all an objectively reasonable effort to subdue Plaintiff. Plaintiff controverts that she was unresponsive and claims that she did not say anything except once asking "why are you beating me" and stating that she "didn't do anything." Plaintiff asserts that Defendant hit her approximately forty to fifty times, kicked her, and tased her multiple times. She also testified in

---

[15] *Id.*

[16] *Id.*

[17] *Id.*

her deposition that she was simply covering up her body to protect herself from Defendant's blows. Accordingly, there are factual issues as to the second and third elements.

With regard to the third element of resisting arrest, the Court notes that Plaintiff pled *nolo contendere* to resisting arrest, and this conviction is now on her record. Defendant argues that due to the *Heck* preclusion doctrine, Plaintiff's conviction bars all or most of Plaintiff's claim. In *Heck v. Humphrey*, the United States Supreme Court found that a claim for damages in a § 1983 suit is not cognizable if a judgment favorable to the plaintiff would necessarily imply the invalidity of the underlying conviction.[18] Defendant contends that Plaintiff seeks to relitigate the underlying facts of her arrest which would invalidate her conviction for resisting arrest.

The Court has concerns over whether *Heck* applies because Plaintiff is not in custody and thus habeas relief is unavailable.[19] More importantly, even if *Heck* is applicable, a favorable judgment for Plaintiff on her excessive force claim would not necessarily invalidate her conviction for resisting arrest. To determine whether Plaintiff's success on her §1983 claim would invalidate her underlying conviction, the court must consider the elements of the underlying criminal offense.[20] Plaintiff pled nolo contendere to the City of Wichita's Municipal Code § 5.72.010(a) which provides: "Resisting Police Officers. It is unlawful for any person to resist or oppose any police officer in the discharge of any official duty." The officer's force is not an element of resisting arrest and the finding that defendant used excessive force would not necessarily invalidate or undermine Plaintiff's criminal conviction. Plaintiff does not challenge

---

[18] 512 U.S. 477, 486-87 (1994).

[19] *See Jiron v. City of Lakewood*, 392 F.3d 410, 413 n.1 (10th Cir. 2004) (noting that "[f]ive Justices of the Supreme Court have now concluded that *Heck* does not apply when a plaintiff is not in custody" but declining to reach the issue of whether *Heck* applicable in the case before the court); *see also Jackson v. Loftis*, 189 F. App'x. 775, 778-89 (10th Cir. 2006) (declining to decide the issue of *Heck* applicability).

[20] *See Martinez v. City of Alburquerque*, 184 F.3d 1123, 1125 (10th Cir. 1999).

the lawfulness of her arrest and conviction, but rather challenges Defendant's use of excessive force in effectuating her arrest. Thus, Plaintiff's previous resisting arrest conviction does not necessarily foreclose an excessive force claim here.[21]

Defendant contends that there is no admissible competent evidence controverting the fact that Plaintiff resisted and analogizes the facts to the facts in *Hinton v. City of Elwood, Kansas* in which the Tenth Circuit found that an officer's use of force was objectively reasonable due to the plaintiff's resistance.[22] In *Hinton*, the plaintiff admitted that he refused to talk with the police, shoved an officer, and was actively and openly resisting the officers by biting them.[23] In addition, the plaintiff's own expert testified that the officers' actions of wrestling the plaintiff to the ground were not inappropriate.[24]

In this case, Plaintiff controverts the actions that Defendant claims were the reason for his excessive force. To be sure, Plaintiff's conviction for resisting arrest will be relevant in the determination of whether Defendant used excessive force to effectuate her arrest. And the charging document explaining the basis for Plaintiff's resisting arrest conviction states, "[R]esist or oppose Off. Cory #1927 in the discharge of his/her official duty by rolling on ground pulling away to defeat arrest." But the Court is unable to discern as a matter of law at what point Defendant engaged in excessive force. Taking Plaintiff's version of the facts, she claims that

---

[21] Defendant also argues that collateral estoppel applies and bars Plaintiff's claim. The Court disagrees. Collateral estoppel requires that the issue previously decided be identical with the issue presented in the current action. *See Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 978 (10th Cir. 1995). There was no previous determination regarding Defendant's use of force because the use of force was not an element of Plaintiff's resisting arrest charge.

[22] 997 F.2d 774 (10th Cir. 1993).

[23] *Id.* at 781.

[24] *Id.*

Defendant started beating her before she had exited her vehicle and was told that she was under arrest. There are too many disputed facts and credibility determinations for the Court to make a ruling as a matter of law that Defendant's use of force was objectively reasonable at the summary judgment stage.

### 2. *Qualified Immunity*

Defendant Cory next argues that he is entitled to summary judgment because of qualified immunity.[25] "When a defendant asserts qualified immunity at summary judgment, the burden shifts to the plaintiff to show that: (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established."[26] The Court has discretion as to which factor to first address.[27]

#### a. *Constitutional Right*

With respect to the first factor, "[i]n excessive force claims, a suspect's constitutional rights are not violated if the amount of force used by police was 'objectively reasonable.' "[28] "[T]he reasonableness inquiry in excessive force cases overlaps with the qualified immunity question, which also requires the application of a reasonableness standard in order to determine

---

[25] The Court notes that Defendant Cory states that qualified immunity precludes claims against him in his official capacity. However, "[q]ualified . . . immunity is available only in suits against officials sued in their personal capacities, not in suits against governmental entities or officials sued in their official capacities." *Becker v. Bateman*, ___F.3d. ___, 2013 WL 697910, at *2 (10th Cir. Feb. 27, 2013) (citing *Starkey ex. rel. A.B. v. Boulder Cnty. Social Servs.*, 569 F.3d 1244, 1263 n. 4 (10th Cir. 2009)). Furthermore, the § 1983 claim only remains against Defendant Cory in his individual capacity. *See* Doc. 86 (stating that one of the remaining claims includes "excessive force pursuant to [§] 1983 against Defendant Cory in his individual capacity.") Thus, the Court will consider Defendant Cory's qualified immunity defense in the context of his individual capacity.

[26] *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009).

[27] *Id.*

[28] *Mecham v. Frazier*, 500 F.3d 1200, 1203 (10th Cir. 2007) (citing *Graham v. Connor*, 490 U.S. 386 (1989)).

whether an officer violated a clearly established right."[29] The Court set forth the standard for evaluating objective reasonableness and excessive force claims above. And as the Court previously found, the underlying facts are disputed. At trial, the jury may discredit most or all of Plaintiff's testimony, but the Court may not make that credibility determination. At summary judgment, viewing the circumstances in the light most favorable to Plaintiff, the Court cannot conclude that Officer Cory's uncontroverted use of force was objectively reasonable.

### b. Clearly established

Plaintiff must also demonstrate that Defendant violated a clearly-established law to overcome a qualified immunity defense. "[I]n order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains."[30] Defendant argues that the clearly-established law favors Defendant, not Plaintiff, because the law clearly demonstrates that his use of force was reasonable in the face of Plaintiff's escalating and ongoing resistance to arrest. Defendant's argument, however, relies on facts that are in dispute. And the law was clearly established at the time of the alleged violation that Plaintiff had the right to be free from excessive force.[31] Accordingly, the Court denies Defendant's qualified immunity defense.

## B. Plaintiff's State Law Claims

Plaintiff also brings state law claims for intentional infliction of emotional distress and wanton and gross negligence against Defendant Cory in his individual capacity. Because the

---

[29] *Medina*, 252 F.3d at 1131.

[30] *Becker*, 2013 WL 697910, at *2.

[31] *See Dixon v. Richer*, 922 F.2d 1456, 1460-61 (10th Cir. 1991).

underlying facts are in dispute, the Court finds that Defendant cannot meet its burden in demonstrating that there does not exist a genuine issue of material fact. Thus, the Court also denies Defendant's motion on these two claims.

**IT IS ACCORDINGLY ORDERED** this 12th day of March, 2013, that Defendant's Motion for Summary Judgment (Doc. 127) is hereby **DENIED**.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE