# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ROWANA RIGGS,

    *Plaintiff,*

vs.

    Case No. 09-CV-1105-EFM

CHRISTIAN CORY,

    *Defendant.*

## MEMORANDUM AND ORDER

Plaintiff Rowana Riggs filed this lawsuit against Defendant Christian Cory, an Officer for the Wichita Police Department, alleging that Defendant used excessive force during Plaintiff's arrest on April 9, 2007. In preparation for trial, Plaintiff and Defendant each filed motions in limine concerning a number of issues (Docs. 187, 191). The Court ruled on most of these issues at its Pretrial Conference on September 5, 2013, but writes to specifically discuss the parties' motions to exclude evidence of crimes, wrongs, or other acts pursuant to Fed. R. Evid. 404(b).

### Discussion

To support her claims that Defendant used excessive force in the course of her arrest, Plaintiff seeks to introduce Defendant's Concise Officer History, which reflects two vehicle accidents, two complaints of unnecessary force, two complaints of excessive force, a firearm discharge, twelve instances of force used, two personnel issues, and one involvement in a civil claim. Plaintiff also wishes to introduce reports of internal investigations that the Wichita Police

Department conducted with respect to the four complaints that Officer Cory used unnecessary or excessive force.¹ Plaintiff also seeks to introduce testimony, video footage, and other evidence concerning Defendant's subsequent use of force on June 2, 2013, when he allegedly beat another criminal defendant, Jesse Watson, during a traffic stop. The Wichita Police Department has initiated an investigation of this incident but has not yet issued its determination.

Likewise, Defendant wishes to introduce evidence of Plaintiff's prior arrests and encounters with the police. In addition to records of arrest, Defendant seeks to present the testimony of Sergeant Jason Pfeiffer, who arrested Plaintiff in 2004 and claims that she slapped him to prevent a search and subsequently made false allegations against him. Defendant also seeks to admit testimony from Officer Bryce Boyd, who claims that Defendant resisted arrest in 2002. Finally, Defendant would introduce evidence that Plaintiff had a domestic dispute with her sister in 2007.

In their motions in limine, both Plaintiff and Defendant seek to exclude the character evidence offered against them pursuant to Rule 404(b). "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."² Indeed, character evidence is generally inadmissible to prove that a party acted in conformity with an alleged propensity.³ Plaintiff argues that the Court must exclude Defendant's proposed evidence as improper character evidence presented only to persuade the jury that she acted in conformity with a propensity to resist arrest, thus justifying Defendant's use of force in this case. Similarly, Defendant argues

---

¹ The Court notes that the Wichita Police Department has concluded each of these internal investigations and exonerated Defendant from each complaint.

² Fed. R. Evid. 404(b)(1).

³ *United States v. Commanche*, 577 F.3d 1261, 1267 (10th Cir. 2009).

that Plaintiff's proposed evidence invites an improper propensity inference, namely, that Defendant has history of using excessive force that increases the likelihood that he used excessive force in this case.

While character evidence is generally inadmissible, an exception provides that "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."[4] This Court applied this exception in *Van Deelen v. Johnson*.[5] In *Van Deelen*, the Court acknowledged that evidence of prior lawsuits could not be admitted to prove that a plaintiff is litigious.[6] However, the Court held that evidence of prior lawsuits could be introduced for an alternative purpose because "they could in fact reveal that plaintiff had a motive, plan or scheme to bring similar kinds of claims against those who crossed him."[7]

Both parties cite *Van Deelen* in an attempt to invoke the exception in Rule 404(b)(2). Plaintiff claims that the Concise Officer History and other evidence show that Defendant had a motive, plan, and *modus operandi* to use excessive force. Likewise, Defendant asserts that evidence from Sergeant Pfeifer and Officer Boyd is not offered to show Plaintiff's propensity to resist arrest, but rather, to show Plaintiff's motive, plan, and intent to avoid responsibility by fabricating outlandish allegations when confronted with police officers.

The Court is not persuaded that either party offers its proposed character evidence for the permitted purposes of showing motive, plan, or intent. As a preliminary matter, the Court finds that *Van Deelen* is distinguishable from the present case because it addressed a plaintiff's

---

[4] Fed. R. Evid. 404(b)(2).

[5] 2008 WL 4683022 (D. Kan. Oct. 22, 2008).

[6] *Id.* at *2.

[7] *Id.* at *3.

frequent filing of lawsuits, a matter that is not primarily at issue here. Further, neither party sincerely alleges that the other affirmatively and consciously developed a motive or devised a plan with respect to their interaction during Plaintiff's arrest on April 9, 2007. Rather, the parties principally claim that their proposed character evidence shows that the other had a particular *modus operandi*, a term referenced in *Van Deelen* but absent from the list of permitted purposes under Rule 404(b)(2).[8] Accordingly, the Court finds that neither party seeks to introduce character evidence for a permitted purpose under Rule 404(b)(2).

The evidence that Plaintiff wishes to introduce concerning Defendant's use of force in other circumstances merely invites the jury to speculate regarding whether Defendant has violent propensity and whether he acted in conformity with such a propensity during Plaintiff's arrest. Similarly, Defendant's proposed evidence is principally aimed at showing that Plaintiff has a propensity to escalate encounters with the police, which may justify the use of additional force. The Court finds that both parties' evidence gives rise to the very propensity inference that Rule 404(b) was created to exclude. Further, the Court finds that any limited probative value of such evidence is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, and needlessly presenting cumulative evidence.[9]

---

[8] *Compare Id.* at *3 (holding that "[s]howing plaintiff's plan, scheme or *modus operandi* through admission of prior lawsuits can undoubtedly be a proper purpose under Rule 404(b).") *with* Fed. R. Evid. 404(b)(2) (limiting the permitted purposes of character evidence to showing "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident"). *But see United States v. Salcido–Luzania*, 1999 WL 176130, at *7 (10th Cir. Mar. 31, 1999) (holding that introducing evidence to establish *modus operandi* is a proper purpose).

[9] Fed. R. Evid. 403.

**IT IS ACCORDINGLY ORDERED** that Plaintiff's Motion in Limine (Doc. 187) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine (Doc. 191) is hereby **GRANTED**.

**IT IS SO ORDERED**.

Dated this 10th day of September, 2013,

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE